DuWayne **BARNES**, Appellant
(Plaintiff below),

v.

Genaro **FERNANDEZ** and Jay Brown, Appellees (Defendants below).

No. 4331.

Supreme Court of Wyoming.

Oct. 4, 1974.

David D. Uchner, Lathrop, Uchner & Mullikin, Cheyenne, for appellant.

Bard Ferrall, Cheyenne, for appellees.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE and McCLINTOCK, JJ.

Mr. Justice McEWAN delivered the opinion of the court.

This is an appeal from that portion of a judgment upon a directed verdict in favor of the defendant Jay Brown. He was the owner of a truck with which the plaintiff's automobile collided and was also the employer of the defendant Fernandez, who was the operator of the truck at the time of the accident. The plaintiff sustained extensive personal injuries and the jury re-

turned a verdict in his favor and against the defendant Fernandez in the sum of $64,677.46. The basis for the defendant Brown's motion for directed verdict was that the defendant Fernandez, his employee, was not engaged upon the business of, or upon the direction of, his master at the time of the accident.

We reverse and remand the matter because the question of whether the defendant Fernandez was upon the business of his employer was a question of fact to be determined by the jury.

On the date of the accident, Fernandez was working for the defendant Jay Brown, who operated ranching and farming lands near Pine Bluffs, Wyoming, and had been so employed for about eight months. The collision occurred on a state service road paralleling Interstate 80 approximately six miles west of Pine Bluffs at approximately 9:45 p. m. on June 30, 1971. Fernandez was paid $1.70 per hour and was furnished a house in which he and his wife lived. He was a Mexican national who did not speak English and his testimony, taken through an interpreter, was presented upon deposition. His duties on the farm included changing pipes on the irrigation system between various fields. When he couldn't irrigate he would sack potatoes, hoe, and perform other general duties. Brown furnished a 1945 International truck to Fernandez to be used by him in his irrigation duties. The truck was not licensed and it had no lights. On the morning of the accident Brown, assisted by Fernandez, moved some sheep which belonged to Brown from one area near where Fernandez lived to another place owned by Brown about one mile up the same road upon which the accident subsequently happened. That evening, when Fernandez returned from his irrigation work, he noticed that two lambs had been left. He was fearful that coyotes would get the lambs if they stayed where they were. One of the reasons that the sheep had been moved was the coyote threat to the lambs. He was able to catch only one of the lambs, which he had his wife hold on her lap while he

drove the truck to the place where the other sheep had been taken that morning. Upon placing the lamb with the other sheep he proceeded to return to his place in a westerly direction upon the public highway when the truck stalled. He left the truck partially upon the west traveled portion of the highway and he and his wife walked to their house and returned in the Fernandez car to the stalled truck. They attempted to park their car so that its lights would reveal the presence of the truck to other motorists, but before they could place their car to the rear of the truck the plaintiff, proceeding in a westerly direction, being the same direction in which the truck had been proceeding, struck the rear of the truck and received the injuries of which he complains.

While the defendant Brown and Fernandez' wife testified that Fernandez had been told not to drive the truck upon the highway, Fernandez did not recall having been so told. The instructions in this regard were relayed from Brown to Fernandez through his wife as interpreter because Fernandez did not speak or understand English. According to Brown, Fernandez was permitted to drive the truck across the highway because there were fields which he was to irrigate upon both sides of the public road. Even assuming that the jury would have concluded that Fernandez was instructed to not drive the truck upon the highway it could have still concluded that under the circumstances Fernandez was upon the business of his master at the time of the accident. Here, Fernandez had been using a truck belonging to the defendant Brown, his employer, to transport a lamb owned by Brown from one of Brown's farms to another Brown farm approximately a mile away. This, then, was not the usual situation where a servant was off on a frolic of his own so that it could as a matter of law be determined that he was not upon the business of his master.

While Fernandez' duties were primarily that of irrigator, he performed other functions upon the ranch and farm. Perhaps

duties of ranch and farm employees have become so specialized that certain employees are assigned specific duties to the exclusion of other tasks. It seems, however, inconceivable that a farm or ranch employee not trained or specialized in a technical area would not be obliged or expected to perform general chores.[1] Upon the date of the accident, Fernandez had been employed by Brown to move the sheep from one place to the other. When Fernandez discovered that the two lambs had been left behind it could reasonably be inferred that he was merely completing the task which he had undertaken with Brown earlier in the day.

■ The determination of whether the relationship of master and servant exists is ordinarily one of fact to be determined by the jury and it is only where the pertinent facts are not in dispute and but one reasonable inference could be drawn that the question becomes one of law for the courts to decide, Tyler v. Jensen, 75 Wyo. 249, 295 P.2d 742, 749; 57 C.J.S. Master and Servant § 617, p. 408; and it is only when the conduct of an employee is shown clearly to be either within or beyond the scope of his employment that such determination can be made as a matter of law. Sun Land & Cattle Co. v. Brown, Wyo., 394 P.2d 387, 390. Here, the employer-employee relationship and the employer's ownership of the vehicle are admitted, and a jury question was presented because there was substantial evidence from which it could reasonably be inferred that the employee was acting within the scope of his employment.

■ In determining the question of whether a verdict should have been directed, under Rule 50(a), W.R.C.P., we must consider the evidence favorable to the party against whom the motion is directed, giving to it all reasonable inferences.

Brennan v. Laramie Newspapers, Inc., Wyo., 493 P.2d 1044, 1048; Svalina v. Big Horn National Life Insurance Co., Wyo., 466 P.2d 1018, 1020; Holstedt v. Neighbors, Wyo., 377 P.2d 181; Wright & Miller, Federal Practice and Procedure: Civil § 2524, Vol. 19, p. 544.

■ Whether the evidence is sufficient to create an issue of fact for the jury is solely a question of law to be determined by the court, and upon appeal the reviewing court gives no deference to the view of the trial court. Wright & Miller, Federal Practice and Procedure: Civil § 2524, Vol. 19, pp. 541–542.

■ As stated in *Wright*, § 2524, p. 545, the test to be applied when determining the question of the sufficiency of the evidence has been couched in generalities that are not readily applied to any particular set of facts. A test which we think fairly states the principle is "whether the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable men could have reached." Simblest v. Maynard, C.A.2d, 1970, 427 F.2d 1, 4.

Following the entry of judgment in favor of Barnes and against Fernandez, Barnes filed garnishment proceedings against Brown's insurance company upon the theory that Fernandez was an insured under the omnibus clause of the policy, and judgment was rendered against Barnes, from which he has also appealed.[2] Because of our determination on the directed verdict question, such action was premature and the judgment entered therein must also be set aside, and the matter may be pursued if necessary following the determination of the principal question.

Reversed and remanded.

1. Fernandez had not irrigated prior to his employment by Brown and the record would indicate that he could be classified as a general laborer.

2. The truck in question was listed as a covered vehicle under Brown's insurance policy.